| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:15-CR-129(6) |
| | § | |
| TYRON DESHAN FORMAN | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Tyron Deshan Forman's ("Forman") Motion to Appoint Counsel (#697), wherein he requests that the court appoint counsel to assist him with pursuing a motion for compassionate release. Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

Forman's offense of conviction stems from a drug trafficking conspiracy involving 114 grams of cocaine base and 14 grams of cocaine. On October 11, 2016, Forman was named in a one-count Information charging him with Conspiracy to Manufacture or Distribute or Possess With Intent to Manufacture or Distribute Cocaine, Cocaine Base ("Crack"), in violation of 21 U.S.C. § 846. Subsequently, on October 12, 2016, Forman pleaded guilty to the offense pursuant to a non-binding plea agreement. On May 9, 2017, the court sentenced Forman to 115 months' imprisonment, followed by a five-year term of supervised release. Forman is currently housed at the United States Penitentiary Beaumont, located in Beaumont, Texas. His projected release date is October 24, 2025.

Forman seeks the appointment of counsel to assist him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*,

\_\_\_ U.S. \_\_\_, 139 S. Ct. 738, 749 (2019); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013).

The court, however, may, in the interest of justice, appoint counsel to assist a defendant in the pursuit of post-conviction relief where a defendant has raised nonfrivolous claims with factually and/or legally complex issues. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("After [a defendant's first appeal], the decision whether to appoint counsel rests in the discretion of the district court.").

> The exercise of discretion in this area is guided . . . by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*United States v. Molina-Flores*, No. 3:16-CR-130-N (19), 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (quoting *Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012)); *see Scoggins v. MacEachern*, No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986))).

Forman is not entitled to the appointment of counsel to assist him with seeking compassionate release under 18 U.S.C. § 3582. *See Finley*, 481 U.S. at 555; *Whitebird*, 55 F.3d

at 1010-11 (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Moreover, Forman provides no basis for the court to conclude that the appointment of counsel would help him obtain relief. In his motion, Forman asserts as grounds for the appointment of counsel that he is "a layman of the law." A motion for compassionate release, however, "is not particularly complex factually or legally." *United States v. Drayton*, No. 10-200018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020); *see United States v. Wilfred*, No. 07-351, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). In any event, Forman has failed to raise any potentially viable claims or any factually or legally complex issues that could arguably justify the appointment of post-conviction counsel. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). Accordingly, Forman's Motion to Appoint Counsel (#697) is DENIED.

SIGNED at Beaumont, Texas, this 30th day of October, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE