**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:15-CR-129(6) |
| | § | |
| TYRON DESHAN FORMAN | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Tyron Deshan Forman's ("Forman") Motion to Alter or Amend Judgment (#708), wherein he requests that court amend his sentence to reflect credit for all time served in accordance with United States Sentencing Guideline § 5G1.3(b)(1) and Rule 36 of the Federal Rules of Criminal Procedure.[1] The Government opposes the motion (#715). After conducting an investigation, United States Probation and Pretrial Services ("Probation") recommends denying the motion. Having considered the motion, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

Forman's offense of conviction stems from his participation in a drug-trafficking conspiracy in which he was responsible for 14 grams of powdered cocaine and 114.1 grams of "crack" cocaine. On March 4, 2013, Forman was arrested on a related state drug charge, Conspiracy to Possess With Intent to Deliver a Controlled Substance, namely: Cocaine, Docket

[1] Forman relies in part on Rule 60 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure, however, are inapplicable to criminal proceedings. Thus, the court will consider Forman's motion under the relevant Federal Rules of Criminal Procedure.

No. 25544, in the 6th Judicial District Court of Lamar County, Texas.[2] Two days later, on March 6, 2013, Forman posted bail and was released from confinement. On August 29, 2013, Forman was arrested for Aggravated Assault With Deadly Weapon and Stalking in Dallas County, Texas, and, on April 22, 2015, was sentenced by the 292nd District Court, Dallas, Texas, to 4 years' imprisonment in Docket Nos. F1359737 and F1359689. On July 7, 2015, the Texas Department of Criminal Justice loaned Forman out to Lamar County to address pending detainers related to his drug offense.

On September 21, 2015, the United States Marshals Service obtained Forman on a writ of habeas corpus ad prosequendum out of Lamar County. On October 11, 2016, Forman was named in a one-count Information in the United States District Court for the Eastern District of Texas, charging him with Conspiracy to Distribute or Possess With Intent to Distribute 28 Grams or More of a Mixture or Substance Containing Cocaine Base ("Crack") and Less Than 500 Grams of a Mixture or Substance Containing Cocaine, in violation of 21 U.S.C. § 846. Subsequently, on October 12, 2016, Forman pleaded guilty to the federal offense pursuant to a non-binding plea agreement. On May 9, 2017, the court sentenced Forman to 115 months' imprisonment, followed by a five-year term of supervised release. The court ordered Forman's federal sentence to run concurrently with any sentence imposed in his related state court cases—Docket No. 25544 in the 6th Judicial District Court of Lamar County, Texas, and Docket No. 60640 in the Lamar County Court at Law. On August 29, 2017, Forman completed his state sentence for his aggravated

[2] The court found the conduct underlying Forman's state court drug charges to constitute the same criminal conduct as his offense of conviction. Forman's related state charges were dismissed on June 28, 2017.

assault and stalking convictions. According to the BOP, Forman's federal custody time began on December 4, 2017. His projected release date is October 24, 2025.

II. Analysis

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Rule 35(a) provides that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). "The authority to correct a sentence under this subdivision is intended to be very narrow and to extend

only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court . . . ." *United States v. Ross*, 557 F.3d 237, 241 (5th Cir. 2009) (quoting FED. R. CRIM. P. 35 advisory committee's note). "A Rule 35(a) motion does not allow the Court 'to reconsider the application or interpretation of the sentencing guidelines' or 'to change its mind about the appropriateness of the sentence'; nor does it allow a defendant 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion.'" *United States v. Garza*, No. 5:12-CR-323, 2015 WL 4068517, at *2 (W.D. Tex. July 2, 2015) (quoting *United States v. Ross*, 557 F.3d 237, 240-41 (5th Cir. 2009)). In addition, "[t]he court may not extend the time to take any action under Rule 35." *United States v. Thompson*, 417 F. App'x 429, 432 n.2 (5th Cir. 2011) (quoting FED. R. CRIM. P. 45(b)(2)).

Forman requests that the court adjust his sentence to reflect the period of March 6, 2013, to August 29, 2017, when he claims that he was in state custody on a related charge that was ultimately dismissed. The United States Sentencing Guidelines ("USSG") provide that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction," then the sentence shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3. In the present case, the court's sentence was to "run concurrently with any future sentence imposed for Conspiracy to Possess with Intent to Deliver a Controlled Substance,

namely: Cocaine, Docket No. 25544, in the 6th Judicial District Court of Lamar County, Texas, and Possession of Marijuana, Docket No. 60640, in the Lamar County Court at Law." Forman's state court charges, however, were dismissed on June 28, 2017. Thus, a sentence was never imposed. Therefore, in accordance with USSG § 5G1.3, the court would need to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment" if the BOP declines to credit such time. Here, according to Probation, the BOP has given Forman credit for time spent in pretrial custody on the related state drug charges for the periods of March 4, 2013, to March 6, 2013, and August 29, 2017, to December 4, 2017. In denying Forman's request to the BOP, Regional Director J. F. Caraway noted:

> [His] federal Judgment in a Criminal Case is silent as to whether [his] federal term of imprisonment is to run concurrently with or consecutively to the state term stemming from [his] Dallas County charges. Therefore, pursuant to 18 U.S.C. § 3584(a), [his] federal term is consecutive to the state term stemming from [his] Dallas County charges. [His] federal Judgment in a Criminal Case does specify [his] federal term is to run concurrently with any sentence imposed in [his] Lamar County cases. However, [his] Lamar County cases were dismissed on June 28, 2017, resulting in no state term with which [his] federal sentence may run concurrently.
>
> Accordingly, [his] current federal sentence has been correctly computed as a 115 month term of imprisonment, commencing when [he] entered exclusive federal custody on December 5, 2017, with 101 days of prior custody credit for March 4, 2013[,] through March 6, 2013[,] and August 29, 2017[,] though December 4, 2017. Credit from August 29, 2013[,] through August 28, 2017[,] was applied to [his] state term. Therefore, 18 U.S.C. § 3585(b) precludes applying credit for this period to [his] federal sentence.

Importantly, Forman was out of custody on bond from March 6, 2013, to August 29, 2013. Accordingly, because he was not in custody, Forman is not eligible for credit for time served during such period. From August 29, 2013, to August 29, 2017, Forman was in state court

custody, serving two, 4-year sentences for Aggravated Assault with a Deadly Weapon and Stalking, in Docket Nos. F1359737 and F1359689, imposed by the 292nd Judicial District Court, Dallas, Texas.[3] As the events underlying these convictions are not considered relevant conduct to his offense of conviction, Forman is not eligible for either a credit or an adjustment to his sentence for the time he was imprisoned on these state court convictions. Accordingly, the times for which BOP has already given Forman credit—the periods of March 4, 2013, to March 6, 2013, and August 29, 2017, to December 4, 2017—are the only times Forman was in pretrial custody for related conduct and to which he is entitled to sentence credit.

In addition, the final judgment against Forman was docketed on May 9, 2017. Forman's motion was filed on December 14, 2020, well outside the 14-day period. Thus, even if Forman were correct that the court erred in calculating his sentence, the motion is untimely.

## III. Conclusion

Consistent with the forgoing analysis, Forman's Motion to Alter or Amend Judgment (#708) is DENIED.

SIGNED at Beaumont, Texas, this 10th day of February, 2021.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[3] Forman is correct that a Dallas County, Texas, Grand Jury returned a "no bill" as to Forman's charge of Aggravated Assault with a Deadly Weapon in Docket No. F1400329; however, this charge is separate from the two charges of which Forman was convicted in Dallas County, Docket Nos. F1359737 and F1359689, and for which he was imprisoned from August 29, 2013, to August 29, 2017.